**In re Jay D. PARKS, Debtor.**

No. 01–82838.

United States Bankruptcy Court, C.D. Illinois.

Dec. 3, 2001.

Charles E. Covey, Peoria, IL, for Debtor.

Michael D. Clark, Peoria, IL, trustee.

## OPINION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

In June of 2000, the Debtor, Jay D. Parks (DEBTOR), financed the purchase of a 1997 Chevrolet pickup truck through a loan from Citizens Equity Federal Credit Union (CEFCU), granting CEFCU a lien on the title to the truck. In August of 2000, the truck was wrecked and the DEBTOR received $18,000 from his insurance company, which he used to purchase a 1996 Ford Explorer. In December of 2000, he sold the Ford Explorer for $13,000 and used the money to pay bills.

In June of 2001, the DEBTOR filed a case under Chapter 13 of the Bankruptcy Code. His schedules show he has no priority or secured creditors and nine unsecured creditors owed $40,346.17, of which CEFCU is owed $19,000, on its claim which was originally secured by the truck.[1] His plan

---

1. According to the bankruptcy schedules, CEFCU holds two claims, in the amounts of $19,000 and $1,550.

proposes to pay unsecured creditors $100 per month for thirty-six months, which equates to five percent (5%) of the unsecured claims. CEFCU objected to confirmation of the DEBTOR'S plan, claiming it had a lien on the truck which followed the insurance proceeds, the Ford Explorer, and sale proceeds as an equitable lien.

At the confirmation hearing, the Chapter 13 Trustee recommended confirmation, subject to a determination of CEFCU'S objection. CEFCU contended that the plan was filed in bad faith. Neither the DEBTOR or CEFCU presented any evidence, relying instead on the facts contained in the court file.

 The only issue before the Court is whether the DEBTOR'S plan is proposed in good faith, as required by § 1325(a)(3) of the Bankruptcy Code, 11 U.S.C. 1325(a)(3). The Seventh Circuit Court of Appeals has addressed the issue of good faith under § 1325 in several cases. *See, In re Schaitz,* 913 F.2d 452 (7th Cir.1990); *Matter of Smith,* 848 F.2d 813 (7th Cir.1988); *In re Rimgale,* 669 F.2d 426 (7th Cir.1982). From these cases, several legal conclusions can be drawn. First, each case must be considered on its own merits. Second, in making a good faith determination, the court must look to the totality of the circumstances, weighing witnesses' credibility against other evidence presented by the parties. Third, the primary consideration is whether the proposed plan is fundamentally fair to creditors.

In *Rimgale,* the court listed the following factors as appropriate to be considered by the bankruptcy court in determining if a Chapter 13 plan was filed in good faith: 1) whether the proposed plan states the debtor's secured and unsecured debts accurately; 2) whether the plan states the debtor's expenses accurately; 3) whether the percentage of repayment of unsecured claims is correct; 4) whether any inaccuracies or deficiencies in the plan amount to an attempt to mislead the bankruptcy court; and 5) whether the proposed payments indicate a fundamental fairness in dealing with the creditors. Noting that *Rimgale's* "totality of the circumstances" test had largely been left unaffected by the 1984 amendments to the Bankruptcy Code, the court in *Smith* noted the relevancy of a debt's nondischargeability under Chapter 7 to the good faith determination. The court emphasized, however, that as a matter of law whether or not a debt is dischargeable under Chapter 7, alone is insufficient to constitute bad faith, noting:

> Section 1325(a)(3) provides that the plan must be *"proposed* in good faith" (emphasis added), not that the debt was incurred in good faith. "Similarly, a Chapter 13 plan may be confirmed despite even the most egregious pre-filing conduct where other factors suggest that the plan nevertheless represents a good faith effort by the debtor to satisfy his creditor's claims." (Citation omitted). (Footnote omitted).

*Smith, supra,* at 819.

 With the exception of the fact that the debt to CEFCU might be nondischargeable in a Chapter 7 case in bankruptcy, there was no evidence presented from which this Court could find that any of the other factors, showing bad faith, are present in this case. To the contrary, are view of the court file indicates that the plan was filed in good faith. The schedules and plan are accurate. The DEBTOR'S income and expenses are accurately stated. The DEBTOR is proposing to pay creditors all of his disposable income, indicating a fundamental fairness in dealing with creditors. Moreover, the Trustee has no opposition to the plan.

672

The only factor which may be considered indicative of bad faith is that the debt to CEFCU might be a nondischargeable debt in a Chapter 7 case in bankruptcy. The Seventh Circuit Court of Appeals in *Smith* stated that whether or not the debt would be discharged in a Chapter 7 proceeding is only one of several factors in determining good faith under § 1325(a)(3), but suggested that the inclusion of a debt nondischargeable under Chapter 7 could weigh heavily in the determination of whether the debtor has abused the provisions, purpose or spirit of the Bankruptcy Code.

Turning to the facts of this case, there is no evidence in the record to suggest that the debt to CEFCU would be nondischargeable under § 523 of the Bankruptcy Code, 11 U.S.C. § 523. There is nothing to indicate which subsection might be relied upon. Further, while this Court does not have to make an actual nondischargeable finding, there is nothing to indicate CEFCU could possibly be successful under any subsection of § 523. Finally, there is no basis for finding that the DEBTOR concocted a scheme to buy a vehicle and not pay for it.

For these reasons, the Court finds the plan was filed in good faith and should be confirmed This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.